14 CV 3127

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

TORTUS CAPITAL MASTER FUND, LP,  :

                Plaintiff,  :

       -against-  :  **COMPLAINT**

THE REPUBLIC OF ARGENTINA,  :

                Defendant.  :

                      :

------------------------------------------------------------ x

RECEIVED MAY -2 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by its attorneys, Milberg LLP, for its Complaint, alleges as follows:

1. This is a breach of contract action arising in connection with defaulted bonds issued by Defendant, the Republic of Argentina (the "Republic"). The bonds covered by this Complaint are in addition to those covered in 13 CV 8595 (TPG) and 14 CV 1109 (TPG).

Parties

2. Plaintiff, Tortus Capital Master Fund, LP, is a limited partnership organized under the laws of the Cayman Islands.

3. Defendant is a foreign state as defined in 28 U.S.C. § 1603(a).

Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

5.   Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

Facts

6.   Plaintiff owns certain bonds, ISIN No. US040114GH79, in the face amount of $700,000.00, with a maturity date of June 19, 2031, and a coupon rate of 12% (the "Bonds"), which were issued by the Republic pursuant to a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA").

7.   The Republic was required to make principal and interest payments on the Bonds.

8.   Pursuant to Section 12 of the 1994 FAA, the following are defined as Events of Default:

> (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

\* \* \*

> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

9.   Section 12 of the 1994 FAA further provides that following either of the foregoing Events of Default, a bondholder may give the Republic written notice and declare "the principal amount of such Securities by it to be due and payable immediately" together with all accrued interest.

10.   In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, which included the Bonds. The Republic has failed to make any payment of principal or interest on the Bonds since December 2001.

11. There has been an Event of Default on the Bonds, and the Republic is in breach of its obligations under the 1994 FAA.

12. Pursuant to Section 12 of the 1994 FAA, by letter dated May 1, 2014, counsel for Plaintiff provided written notice to the Republic through its Fiscal Agent that Plaintiff owns the Bonds, and that those Bonds are in default. Plaintiff declared the principal and interest on the Bonds to be immediately due and payable and demanded full and immediate payment of all principal and interest owing on the Bonds.

## Count One

13. The allegations in paragraphs 1-12 are incorporated here.

14. By reason of the foregoing, the Republic has breached its contractual obligations on the Bonds to Plaintiff and is liable for damages in an amount to be determined at trial, plus interest.

## Count Two

15. The allegations in paragraph 1-12 are incorporated here.

16. Section 1(c) of the 1994 FAA provides, among other things, that the Bonds "shall at all times rank pari passu" and that the payment obligations of the Republic under the Bonds "shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness" as defined in the 1994 FAA.

17. The Republic has breached those provisions to the detriment of Plaintiff and will likely continue to do so unless restrained.

18. Plaintiff has suffered and will continue to suffer irreparable injury from such breaches.

19. The Court should order specific performance of Section 1(c) of the 1994 FAA, and the Republic should be enjoined from violating those provisions.

WHEREFORE, Plaintiff demands judgment as follows:

(i)     An award of damages in an amount to be determined at trial, plus interest; and

(ii)    An order specifically performing Section 1(c) of the 1994 FAA and enjoining the Republic from violating those provisions; and

(iii)   An award of Plaintiff's costs, prejudgment interest, attorneys' fees, and such other and additional relief as the Court deems just and proper.

Dated:  May 1, 2014

MILBERG LLP

By: _____
Michael C. Spencer
mspencer@milberg.com
One Pennsylvania Plaza
New York, NY  10119
Tel.: 212-594-5300
Facs.: 212-868-1229

SNITOW KANFER & HOLZER LLP
Gary S. Snitow
gsnitow@skhllp.com
575 Lexington Avenue
New York, NY 10022
Tel.: 212-317-8500
Facs.: 212-317-1308

*Attorneys for Plaintiff*