UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
TORTUS CAPITAL MASTER FUND, LP,

                Plaintiff,

          - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

------------------------------------------------------------------------ X

14 Civ. 3127 (TPG)

**ANSWER TO AMENDED COMPLAINT**

      Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Amended Complaint dated May 23, 2014 (the "Amended Complaint"), respectfully states as follows:

      1.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint.  To the extent that Paragraph 1 of the Amended Complaint purports to characterize the contents of written documents, those documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 1 of the Amended Complaint for their true and correct contents.

      2.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint.

      3.     Paragraph 3 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

4. Paragraph 4 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

5. Paragraph 5 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Amended Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

9. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint purports to characterize the context of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 10 of the Amended Complaint for their true and correct contents. To the extent Paragraph 10 constitutes a conclusion of law, no responsive pleading is required.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

13. The Republic denies the allegations contained in Paragraph 13 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. Paragraph 13 of the Amended Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 13 of the Amended Complaint for their true and correct contents. To the extent Paragraph 13 constitutes a conclusion of law, no responsive pleading is required.

14. Paragraph 14 of the Amended Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 of the Amended Complaint for their true and correct contents. To the extent Paragraph 14 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

15. The Republic lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint. To the extent Paragraph 15 of the Amended Complaint purports to characterize the contents of a written document, that document

speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its true and correct contents. To the extent Paragraph 15 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

16. The Republic lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint. To the extent Paragraph 16 of the Amended Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 for its true and correct contents. To the extent Paragraph 16 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

17. The Republic lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Amended Complaint. To the extent Paragraph 17 of the Amended Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 for its true and correct contents. To the extent Paragraph 17 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

18. In response to Paragraph 18 of the Amended Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

20. In response to Paragraph 20 of the Amended Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Amended Complaint.

21. Paragraph 21 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

22. In response to Paragraph 22 of the Amended Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

24. In response to Paragraph 24 of the Amended Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Amended Complaint.

25. Paragraph 25 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 for its true and correct contents.

26. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint.  To the extent Paragraph 26 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

27. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint.  To the extent Paragraph 27 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

28. Paragraph 28 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

### First Affirmative Defense

29. The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

30. Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

31. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

32. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

33. Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

34. Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

35. Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. *See Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003), Orders.

### Eighth Affirmative Defense

36. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA and the governing bond documents.

### Ninth Affirmative Defense

37. Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 7, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:    /s/ Carmine Boccuzzi
       Jonathan I. Blackman (jblackman@cgsh.com)
       Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina